[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 65.]

THE STATE EX REL. ASPLUNDH TREE EXPERT COMPANY, APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Asplundh Tree Expert Co. v. Indus. Comm.*,

**1999-Ohio-340.**]

*Workers' compensation—Receipt of Social Security Disability benefits does not preclude wage-loss compensation.*

(No. 97-525—Submitted June 9, 1999—Decided July 7, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD12-1591.

————————————

{¶ 1} Appellee-claimant, Kevin O'Nail, was injured in an industrial accident in 1989, and his workers' compensation claim was subsequently allowed. Two years later, he filed a motion for wage-loss compensation pursuant to R.C. 4123.56(B). A district hearing officer for appellee Industrial Commission of Ohio granted the motion, writing:

"Claimant is found to have a wage loss beginning 6-26-91. Claimant has pursued retraining as a stationary engineer and presented evidence of a plausible job search. Claimant has also registered with Ohio Bureau of Employment Service[s]. Claimant has been unable to find employment within the physical limitations directly attributable to his injury. * * *"

{¶ 2} A staff hearing officer affirmed the district hearing officer's order, adding:

"It is further reasoned that the medical reports from Dr. Fallon and Dr. Boes show work restrictions from the allowed conditions in this claim causing the wage loss in issue. The award shall not exceed the Statutory Maximum of 200 weeks. The evidence on file shows a good faith effort on behalf of the claimant to find work within his physical capabilities."

{¶ 3} Claimant's employer, appellant, Asplundh Tree Expert Company ("ATEC"), filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that claimant's receipt of Social Security Disability benefits precluded wage-loss compensation. The court of appeals denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

———————————

*Porter, Wright, Morris & Arthur* and *Christopher C. Russell*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Barkan & Neff Co., L.P.A.*, and *Merl H. Wayman*, for appellee O'Nail.

*Stewart Jaffy & Associates, Stewart R. Jaffy* and *Marc J. Jaffy*, urging affirmance for *amici curiae*, Ohio Academy of Trial Lawyers and Ohio AFL-CIO.

———————————

*Per Curiam.*

{¶ 5} We are asked to determine whether claimant's receipt of Social Security Disability ("SSD") benefits bars wage-loss compensation. Upon review, we find that it does not.

{¶ 6} Social Security disability demands an inability to work. Section 404.1505, Title 20, C.F.R. Wage loss does not. Instead, wage-loss compensation encourages alternative employment when a claimant cannot return to the former position of employment but retains a residual capacity for other work. ATEC essentially maintains that a residual work capacity was implied by the job search claimant made as a prerequisite to his wage-loss compensation application. ATEC argues that SSD benefits and wage-loss compensation are, therefore, inconsistent and warrant the latter's denial.

{¶ 7} Federal and state legislators disagree. First, SSD and work activity are not completely irreconcilable. Section 422(c)(4), Title 42, U.S.Code allows

2

SSD recipients to engage in a "period of trial work" without jeopardizing their SSD benefits.

{¶ 8} Second, federal law permits an SSD/workers' compensation offset only if state law so provides. Section 424a(a)(2)(A), Title 42, U.S.Code. Federal law does not, therefore, view receipt of SSD and workers' compensation benefits as inherently inconsistent.

{¶ 9} Neither does the law of this state. The General Assembly has addressed two situations involving concurrent payment of SSD or Social Security Retirement benefits and workers' compensation benefits. See R.C. 4123.56(D) and 4123.58(B). Wage-loss compensation is not one of them.

{¶ 10} Claimant's receipt of SSD benefits did not, therefore, compel a denial of wage-loss compensation, and the commission did not abuse its discretion in so finding.

{¶ 11} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————